**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM H. ARNOLD,
<u>Plaintiff-Appellant,</u>

and

MICHAEL REDDING,
<u>Plaintiff,</u>

v.

WATERFIELD MORTGAGE COMPANY,
INCORPORATED,

No. 96-1701

<u>Defendant-Appellee,</u>

and

UNION FEDERAL SAVINGS BANK;
ALVIN E. FRIEDMAN; KENNETH J.
MACFADYEN; JAMES J. LOFTUS;
DANIEL MENCHEL, Substitute
Trustees,
<u>Defendants.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-95-2626-S)

Argued: May 6, 1997

Decided: June 17, 1997

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Herbert Arthur Terrell, Bel Air, Maryland, for Appellant. Michael Thomas Cantrell, FRIEDMAN & MACFADYEN, P.A., Baltimore, Maryland, for Appellee. **ON BRIEF:** Allan J. Culver, Jr., Bel Air, Maryland, for Appellant. Kenneth J. MacFadyen, FRIEDMAN & MACFADYEN, P.A., Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William H. Arnold appeals an order of the district court granting summary judgment against him on his action to rescind a loan under the Truth in Lending Act, 15 U.S.C. § 1601 et seq. (TILA). We affirm.

In 1989 Arnold obtained a loan from Defendant Union Federal Savings Bank. The loan was evidenced by an adjustable rate note and secured by a mortgage against Arnold's home. In 1995, six years after signing the loan documents, Arnold brought this action in district court to rescind the loan. The TILA imposes a three-year statute of limitations on actions to rescind. See 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . ."). Arnold admits that more than three years have elapsed since the loan transaction closed.

Arnold's principal contention on appeal is that the three-year limitations period starts anew each time a rate adjustment is made to a variable rate mortgage. We disagree. A rate adjustment is not a "transaction" within the meaning of § 1635(f). Cf. 12 C.F.R. § 226.20(c) (explaining that a variable rate adjustment is an event requiring new

2

disclosures, but not indicating that adjustment triggers a new opportunity to rescind). Therefore, we agree with the district court that the three-year limitations period bars Arnold's action to rescind.

After consideration of the parties' briefs, the record, and the oral arguments of counsel, we conclude that the district court correctly granted summary judgment against Arnold on all of his claims. Accordingly, we affirm on the reasoning of the district court. <u>See</u> <u>Arnold v. Waterfield Mortgage Co.</u>, No. S 95-2626 (D. Md. 1996).

<u>AFFIRMED</u>

3